**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARIO CORIA CERVANTES, an individual, ) <br> on behalf of himself and all other plaintiffs, ) <br> similarly situated, known and unknown, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RUBY HAND CAR WASH, LLC, an Illinois ) <br> limited liability company, and JACK YOUSEF, ) <br> an individual, ) <br> ) <br> Defendants. ) | Case No. 1:19-cv-01815 |

## COLLECTIVE ACTION COMPLAINT

The Plaintiff, Mario Coria Cervantes ("Plaintiff" or "Coria"), on behalf of himself and all other plaintiffs similarly situated, known and unknown, by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Ruby Hand Car Wash, LLC, ("Ruby Hand Car Wash"), and Jack Yousef, ("Yousef"), (collectively, "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff an overtime premium for hours worked over forty (40) in a workweek. Plaintiff and other similarly situated employees are current and former car washers, dryers and detailers of Defendants' Ruby Hand Car Wash business.

1

2. Plaintiff brings this case as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative party in this collective action is attached as Exhibit A. (See Exh. A.)

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

5. Plaintiff Coria is a former employee of the Defendants' Ruby Hand Car Wash business located at 4334 N. California Avenue in Chicago, Illinois. Plaintiff Coria worked as a car washer, dryer and detailer at Defendants' car wash from approximately March, 2012 through March 4, 2019.

6. During the course of his employment, Plaintiff Coria regularly used and handled goods and materials, including cleaning products, equipment, machines, and vacuums, that moved in interstate commerce prior to being used or purchased in Illinois.

7. Plaintiff Coria resides in and is domiciled in this judicial district.

8. Defendant Ruby Hand Car Wash, LLC is an Illinois limited liability company that operates the Ruby Hand Car Wash business located on North California Avenue in Chicago, Illinois and provides car wash and detailing services to the general public and car dealers.

9. Upon information and belief, Defendant Ruby Hand Car Wash earned more than $500,000 in annual gross revenue during 2016, 2017 and 2018.

10. Defendant Ruby Hand Car Wash is registered in Illinois as a limited liability company and its managers, registered agent and principal offices are located within this judicial district.

11. Defendant Yousef is the manager of the Defendant Ruby Hand Car Wash business.

12. At all times relevant to this action, Defendant Yousef possessed extensive oversight over the Ruby Hand Car Wash business operations. Defendant Yousef was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

13. Upon information and belief, Defendant Yousef resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

14. During the period from March, 2016 through March 4, 2019, Plaintiff Coria regularly worked at Defendants' Ruby Hand Car Wash business seven (7) days per week including Monday through Saturday from 8:00 a.m. to 7:00 p.m. and Sunday from 9:00 a.m. to 5:00 p.m. Plaintiff typically took a thirty (30) minute meal break each day and occasionally was discharged from work early due to inclement weather.

15. Based on his schedule, Plaintiff regularly worked at least sixty (60) hours in individual workweeks during the applicable time period.

16.     Defendants elected to claim a tip credit by paying Plaintiff Coria, and other car wash employees, a lower direct wage and using tips to make up the difference between direct wages and the minimum wage.

17.     During the relevant period, Defendants paid Plaintiff tip credit rates ranging from $6.50 to $8.00 per hour, and paid these wages with unreported cash.

18.     Defendants paid Plaintiff his straight time hourly rate of pay for all hours worked in a workweek, including those in excess of forty (40).

19.     Defendants did not compensate Plaintiff and other car washers, dryers and detailers at one and one-half times their hourly rates of pay for hours worked in excess of forty (40) in individual workweeks.

20.     Defendants never paid Plaintiff and other car washers, dryers and detailers an overtime premium when they worked more than forty (40) hours in a work week.

21.     In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff and other non-exempt employees.

**COLLECTIVE ACTION ALLEGATIONS**

22.     Plaintiff brings his FLSA claim as a collective action on behalf of himself and all other similarly situated current and former car washers, dryers and detailers that worked for Defendants during the last three years before the filing of this suit.

23.     During the last three years before the filing of this suit, Plaintiff, and all other similarly situated current and former car washers, dryers and detailers have had substantially similar job descriptions, job requirements and pay rates.

4

24. Plaintiff, and all other similarly situated current and former car washers, dryers and detailers, worked more than forty (40) hours in individual workweeks and received no overtime premium for hours worked in excess of 40 in a workweek.

25. Plaintiff, and all other similarly situated current and former car washers, dryers and detailers, were subject to Defendants' common policy and plan to violate the FLSA by willfully refusing to pay an overtime premium to car washers, dryers and detailers when they worked in excess of forty (40) hours in an individual workweek.

26. During the last three years before the filing of this suit, Defendants had a common policy and practice that consisted of never paying an overtime premium to the Plaintiff and other similarly situated current and former car washers, dryers and detailers for any hours worked in excess of forty (40) in a workweek.

27. Defendants at all times failed to pay Plaintiff, and other similarly situated car washers, dryers and detailers, overtime compensation at the time and a half rate required for tip-credit employees when they worked more than forty (40) hours in an individual work week.

28. Plaintiff's claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provision.

29. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

30. There are numerous similarly situated current and former car washers, dryers and detailers who worked for Defendants' Ruby Hand Car Wash business and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

5

31. The similarly situated current and former car washers, dryers and detailers are known to the Defendants and are identifiable in Defendants' timekeeping, payroll and other records.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

32. Plaintiff hereby incorporates paragraphs 1 through 31 as though stated herein.

33. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

34. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

35. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

36. Defendant, Ruby Hand Car Wash, LLC is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and has operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

37. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and the other car washers, dryers and detailers worked more than forty (40) hours, Defendants were obligated to pay them an overtime premium at the time and a half rate required for tip-credit employees for all hours worked over forty (40) in a workweek.

38. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

39. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay any overtime compensation even though Plaintiff and other current and former car washers,

6

dryers and detailers were scheduled to work and did regularly work more than forty (40) hours in a work week. In order to conceal their overtime violations, Defendants paid Plaintiff's hours, and the other car wash employees' hours, including overtime compensable hours "under the table" in cash. On information and belief, Defendants' cash wage payments were not reported to the appropriate federal or state tax and revenue agencies. Additionally, Defendants violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Mario Coria Cervantes, on behalf of himself and all other plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Ruby Hand Car Wash, LLC and Jack Yousef, as follows:

- A. Judgment in the amount of unpaid overtime compensation found due at the overtime rate for tip-credit employees for all hours which Plaintiffs worked in excess of forty (40) hours per week;

- B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

- C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

- D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law – Overtime Wages

40. Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

41. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

42. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

43. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

44. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay Plaintiff an overtime premium at the time and a half rate required for tip-credit employees for all hours worked over forty (40) in a workweek.

45. Defendants' failure and refusal to pay an overtime premium for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Mario Coria Cervantes, prays for a judgment against Defendants, Ruby Hand Car Wash, LLC and Jack Yousef, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the overtime rate for tip-credit employees for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

46. Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

47. Plaintiff was an "employee" under the CMWO § 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

48. Defendants were each an "employer" as defined in the CMWO § 1-24-10.

49. Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay Plaintiff an overtime premium at the time and a half rate required for tip-credit employees for all hours worked over forty (40) in a workweek.

50. Defendants' failure and refusal to pay an overtime premium for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO, § 1-24-040.

**WHEREFORE**, the Plaintiff, Mario Coria Cervantes, prays for a judgment against Defendants, Ruby Hand Car Wash, LLC and Jack Yousef, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the overtime rate for tip-credit employees for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of three times the amount of unpaid overtime;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: March 15, 2019

Respectfully submitted,
Mario Coria Cervantes,
on behalf of himself and all other plaintiffs
similarly situated, known and known,
Plaintiff,


/s/ Timothy M. Nolan
_____
Attorney for the Plaintiff


Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com